IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

JERRY POTTER and
PAULA POTTER,

               Plaintiffs,

v.                                 CIVIL  ACTION  NO.  3:11-0363

METROPOLITAN LIFE INSURANCE COMPANY,
MIKE HUGHES, and GEORGE SNIDER,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Motion to Remand (ECF No. 14).  Defendants oppose the motion, arguing that removal was proper based on both federal question and diversity jurisdiction.  For the reasons given in this memorandum opinion and order, the Court finds that it lacks jurisdiction in this matter.  Plaintiffs' Motion to Remand is therefore **GRANTED** and this case is remanded to the Circuit Court for Putnam County.

### I. Federal Question Jurisdiction

**A.**

The Defendants argue that removal is proper because the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") preempts Count 1 (wrongful termination) of the Plaintiffs' Complaint, rendering it a federal question susceptible to adjudication in this Court.  28 U.S.C. § 1441(b).  The initial Complaint (ECF No. 1) hinted at an allegation that Defendants terminated Plaintiff Jerry Potter in order to avoid payment of retirement or other benefits, a claim that would be preempted by ERISA § 510, 29 U.S.C.§ 1140.  The Court therefore ordered the

Plaintiffs to clarify their Complaint (ECF No. 37).  In the resulting Amended Complaint (ECF No. 38), Plaintiffs clarified that their Wrongful Termination claim is not based on an allegation that Defendants terminated Jerry Potter to avoid paying benefits.  Therefore, Plaintiffs' claims are not preempted by ERISA.

**B.**

Generally, the argument that a state claim is preempted by a federal law arises as a defense to the state claim,[1] and is not therefore a basis for removal to a federal court.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 2 (2003).  However, when a federal law "completely" preempts a state law, removal is appropriate.  *Id*.  Complete preemption exists when Congress "intended the federal cause of action" to be "the exclusive cause of action."  *King v. Marriott Intern. Inc.*, 337 F. 3d 421, 425 (4th Cir. 2003) (quoting *Anderson*, 539 U.S. at 2).  Cases cognizable under ERISA's civil remedy provision (§ 502), including violations of § 510, the provision at issue in this case, are completely preempted.  *See King,* 337 F. 3d. at 426 (applying complete preemption analysis to a state law claim preempted by § 510).  Despite the broad sweep of complete preemption, defendants seeking removal under the doctrine of complete preemption still must overcome the "general principal that defendants seeking removal under the doctrine of complete preemption bear a significant burden . . . as we must construe removal strictly, reasonable doubts must be resolved against the complete preemption basis for it."  *Lontz v. Tharp*, 413 F.3d 435 (4th Cir. 2005) (internal quotations omitted).

---

[1] The Supreme Court has held that ERISA preempts state common law claims, as well as claims arising from state statutory schemes governing employee benefit plans.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987).

## C.

Plaintiffs's claims in this case indeed inspire reasonable doubt as to whether they are subject to complete preemption.  In their initial Complaint (ECF No. 1), Plaintiffs made several references to the retirement benefits Mr. Potter lost because he was terminated from his employment with Defendant Metropolitan Life Insurance ("MetLife").  Such allegations might be preempted by § 510 of ERISA, 29 U.S.C. § 1140, which makes it illegal to discipline, terminate, or otherwise act against a person covered under a benefit plan "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."  Defendants argue that Plaintiffs' allegations are fairly characterized as allegations that Defendants terminated Plaintiff Jerry Potter "to avoid paying ERISA benefits," a claim that would be preempted by ERISA § 510.  Defs.' Resp. at 1 (ECF No. 17).

Plaintiffs maintain that Jerry Potter is already completely vested in the relevant benefit plans, and that references to retirement only "reflect the fact that Mr. Potter's damages include the inability to generate income to set aside as retirement funds."  Pl. Mot. at 2 (ECF No. 14).  "The reference to retirement benefits, while not perfectly stated, constitutes an incidental reference to a tangential matter which is certainly not the principal issue in the case."  *Id*.  When Plaintiffs availed themselves of this Court's invitation to amend the complaint, they removed the unclear references to retirement benefits, affirming that the claim does not rest on a theory that Defendants fired Jerry Potter "for the purpose of interfering with the attainment" of his benefits.  *See* 29 U.S.C. § 1140.

In so finding, the Court recognizes that ERISA § 510 may preempt state law claims where some part of the complaint rests on an allegation that termination or discipline was motivated by disruption of a plaintiff's covered benefits.  *See*, *e.g.*, *Ingersoll–Rand v. McClendon*, 498 U.S. 133,

135-36 (1990) (ERISA preempted a state law claim alleging interference with the attainment of ERISA benefits, where plaintiff alleged that "a principal reason for his termination was the company's desire to avoid making contributions to his pension fund."); *Hoops v. Elk Run Coal Co.*, 57 F.Supp. 2d 357 (S.D.W. Va. 1999)*; Dochterman v. First Miss. Corp.*, 831 F.Supp. 556 (S.D.W. Va. 1993). However, in this case, any impact on Mr. Potter's retirement or other covered benefits is an item of damages rather than the core of a cause of action. *See* Pl. Mot. at 2 ("Any reference to retirement benefits is purely incidental and simply an item of damages. It is not a principal part of the cause of action . . ."). This is incidental reference, removed in the Amended Complaint, is insufficient to subject the Plaintiffs' claims to complete preemption under ERISA. The Third Circuit illustrated the distinction between claims that are preempted by § 510 and those that are not when it upheld a district court's determination that preemption was appropriate where a plaintiff asserted "that depriving him of his retirement benefits was the motivating purpose for, and not merely a consequence of, his termination." *Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 676-77 (3d Cir. 2000). Here, in contrast, Plaintiffs' allegations indicate that loss of retirement benefits may be one consequence of the termination, but do not claim that such deprivation was a principal motivation for his termination. *See Donald v. Va. Elec. & Power Co.*, 7 F. Supp.2d 694, 698 (E.D.N.C. 1998) ("the plaintiff's state law claim in this case does not depend upon, or even relate to, the existence of an ERISA benefits plan. Clearly, an employer with no ERISA benefits plan in place could unlawfully discriminate against one of its employees based on age."). "[W]here, as here, the 'heart and soul' of plaintiff's state law cause of action seeks to vindicate a right not among those protected by ERISA," complete preemption of the state law claim is inappropriate. *Long v. Bos. Scientific Corp.*, 665 F.Supp. 2d 541, 552 (D.S.C. 2008) (quoting *Karambelas v. Hughes Aircraft*

*Co.*, 992 F. 2d. 971, 974 (9th Cir. 1993)).  Plaintiffs' Amended Complaint clarifies that interference with ERISA-preempted benefits is not the heart and soul of any part of the Complaint.  Therefore, Plaintiffs' state law claims are not preempted and no federal question is presented in this case.

### II. Diversity Jurisdiction

Defendants next argue that the Court has jurisdiction over this matter under 28 U.S.C. § 1441(a) because the parties are completely diverse.  Defendants contend that two Defendants, Michael Hughes and George Snider, are improper parties to the action, and so should be disregarded for purposes of determining diversity.  If Snider and Hughes, both residents of Putnam County, West Virginia, are removed from the litigation, the remaining parties will be the Plaintiffs Jerry and Paula Potter, residents of Kanawha County, West Virginia, and Defendant MetLife, a citizen of New York for diversity purposes.  These parties are completely diverse, and as both parties concede that the amount in controversy will exceed $75,000, this Court's jurisdiction under 28 U.S.C. § 1441(a) would be proper.

### A.

Generally, "[i]n order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).  However, the Court will ignore a nondiverse defendant's citizenship if the plaintiff fraudulently named or joined that defendant.  "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)

(quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also AIDS Counseling and Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (stating that "joinder is fraudulent if there is no real intention to get a joint judgment, and there is no colorable ground for so claiming") (internal quotations and citations omitted).  The *Marshall* court explained that "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor."  6 F.3d at 232-33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).  This standard is even more favorable to a plaintiff than the standard for defeating a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).  *Hartley v. CSX Transp., Inc.*, 187 F. 3d 422, 424 (4th Cir. 1999) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).  This doctrine implements "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall*, 6 F.3d at 232 (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)).

In this case, Defendants do not appear to allege outright fraud in Plaintiffs' complaint.  *See* Defs.' Opp. to Remand, ¶21 (ECF No. 17 ).  Therefore, Defendants must prove there is no possibility that Plaintiffs would be able to prevail against either of the in-state Defendants, on any of the counts in the Complaint, in order to prove fraudulent joinder.  *Marshall*, 6 F.3d at 232.

### B.

The Court begins by examining the first Count of the Amended Complaint as it relates to just one of the named in-state Defendants, and finds that Defendants fail to meet their burden at this first inquiry.  Defendant Michael Hughes was a supervisor for Defendant MetLife at its Putnam County

offices, and was Plaintiff Jerry Potter's supervisor during at least some of Potter's employment with MetLife.  Complaint ¶ 3.  Plaintiffs allege that Hughes discriminated against Jerry Potter based on his age, disparaged his character with customers, and terminated Potter for pretextual reasons.  Complaint ¶¶ 11-17.  Plaintiffs' wrongful termination complaint, Count One of the Amended Complaint, arises under the West Virginia Human Rights Act ("WVHRA"), which forbids certain discriminatory practices by employers and other persons.  *See, e.g.*, W. Va. Code § 5-11-9(7).  Defendants contend that Hughes cannot be individually liable for discrimination because he is not an "employer."   However, this argument is not controlling, because under West Virginia law, he may be responsible under the Act as a "person."  *See* § 5-11-9(7); *Holstein v. Norandex, Inc.*, 461 S.E.2d 473, Syl. Pt. 3 (W. Va. 1995) ("the term 'person,' as defined and utilized within context of the West Virginia Human Rights Act, includes both employees and employers; any contrary interpretation, which would have the effect of barring suits by employees against their supervisors, would be counter to plain meaning of statutory language and contrary to very spirit and purpose of the particular legislation.").

Defendants also contend that even if Plaintiffs can proceed against Hughes for discrimination as a matter of law, they have not alleged sufficient facts to proceed with the claim.  Defs.' Reply at 1 (ECF No. 16).  Defendants compare the facts supporting Plaintiffs' allegations to the facts considered insufficient to survive a "failure to state a claim" challenge under Fed. R. Civ. P. 12(b)(6) in *Ashcroft v. Iqbal*, 129 S. Ct. 1927, 1951 (2009).  This argument applies the incorrect standard because the standard for defeating a fraudulent joinder claim is even less strenuous than the standard for surviving a Fed. R. Civ. P. 12(b)(6) failure to state a claim motion.  *See*, *e.g.*, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) (stating that inquiry into validity of complaint is

less searching when a party claims fraudulent joinder than when it makes a motion under Fed. R. Civ. P. 12(b)(6)).  Additionally, comparison to *Iqbal* misplaces the burden in a fraudulent joinder motion:  the inquiry in a fraudulent joinder analysis is not whether *Plaintiffs* have stated a claim sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion, but whether *Defendants* have foreclosed all possibility that Plaintiffs can establish a cause of action against Defendants in state court.  *Marshall*, 6 F.3d at 232.  Defendants misunderstand both the standard of review and the burden of proof.

## C.

Applying the proper analysis, the Court must view all factual disputes in the light most favorable to the Plaintiffs.  Plaintiffs have alleged that Michael Hughes was Jerry Potter's immediate supervisor at the time of Potter's termination (¶ 3, Amended Complaint), that Hughes disparaged Potter's character with customers (¶ 12, Amended Complaint), that Hughes created "bogus employment infractions as a basis for terminating" Potter (¶ 11, Amended Complaint), and that Hughes was part of firing Potter for  pretexual reasons (¶ 3, Amended Complaint).

Defendants have alleged an entirely different set of facts regarding Hughes' involvement in Potter's termination.  However, at this stage, the Court must credit the Plaintiffs' version of these conflicting facts, and finds that Defendants have not foreclosed all possibility of recovery against Michael Hughes.  Therefore, Hughes was not fraudulently joined.

In so holding, the Court recognizes that it has not here addressed the second in-state Defendant, George Snider, nor the other counts of the Plaintiffs' Amended Complaint.  However, looking at only the first count, as applied to Michael Hughes, it is already apparent that Defendants have not met the burden of showing that there "is *no possibility* that the plaintiff would be able to establish a cause of action" against at least one in-state defendant, Hughes.  Because at least Michael

Hughes is not fraudulently joined, there is not complete diversity in this case.  The Court therefore does not have diversity jurisdiction over this matter, and need not address Defendant Snider nor the other counts of Plaintiffs' claim to reach that determination.  The Court must remand this case, without addressing the arguments raised in Defendants' pending Motion to Dismiss Defendants Snider and Hughes (ECF No. 4), to the Circuit Court for Putnam County.  This course of action is mandatory.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The plain language of § 1447(c) gives "no discretion to dismiss rather than remand an action" removed from state court over which the court lacks subject-matter jurisdiction.  *Roach v. W. Va. Regional Jail & Correctional Facility Auth.*, 74 F. 3d 46, 48-49 (4th Cir. 1996) (quoting *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)) (internal quotation marks omitted).

This Court does not have federal question jurisdiction over this case because ERISA does not preempt Plaintiffs' state law claims.  The Court also lacks jurisdiction because Defendants' fraudulent joinder theory fails; therefore, there is no complete diversity and no diversity jurisdiction.  The Court does not have jurisdiction over this case and must **GRANT** Plaintiffs' Motion to Remand (ECF No. 14).  The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

ENTER:          December 1, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE